## (December 29, 1972)

■ FEHLHABER CORP., Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 49502.) — Appeal by the State from a judgment of the Court of Claims, entered March 30, 1971, which awarded claimant damages for breach of a construction contract. Claimant corporation was awarded a contract for the construction of the substructure, consisting of four piers, for the bridge carrying the South Mall Expressway across the Hudson River from Albany to Rensselaer. The Court of Claims has found a breach of contract by the State for failure to redesign the largest of the piers, pier 2-W, when it was discovered through test piles driven in the early stages of construction under the contract that the river bottom at the site of such pier was "a solid rock formation", instead of an intermixture of sand, silt, gravel, clay and boulders, as indicated by the subsurface explorations and anticipated by the State in the "Special Foundation Notes" contained in the specifications. Paragraph 3 of such Notes provided: "It is anticipated that the foundation materials at the sites of the proposed structures will be composed of varying mixtures of sand, silt, gravel, clay and boulders." Paragraph 7 contained the following provision: "The contractors attention is called to the fact that due to the nature of the subsurface conditons, it may be necessary to redesign the footings as determined by the Deputy Chief Engineer (Design). The contractor will be required to establish the footings as determined by the redesign." The trial court found that this language imposed an additional obligation on the State, i.e., due to its recognition of the fact that the physical conditions in the river bed might be radically different than anticipated, it might be necessary to make a change. In view of the actual conditions encountered the court held that a redesign was necessarily called for and the State's failure, upon request by claimant, to make any change was arbitrary and unreasonable, thus constituting a breach of contract, for which damages were awarded. The State contends on this appeal that claimant encountered the very type of river bottom predicted; that although it was hard, it was not solid rock as found by the court and consisted of a mixture of sand, gravel and boulders, just as anticipated. An examination of the record in its entirety substantiates the State's contention. While there were boulders, and perhaps more than anticipated, the material generally consisted of a mixture of sand, silt, gravel, clay and boulders, as evidenced by the test borings and profile furnished by the State. The fact that claimant encountered more difficulties than expected did not, in our opinion, necessitate a redesign of the footings of pier 2-W pursuant to paragraph 7 of the Special Notes, nor was it arbitrary or capricious on the part of the State in failing to do so. Consequently, we conclude that the State did not breach its contract with claimant. The judgment, therefore, must be reversed and the claim dismissed. Judgment reversed, on the law and the facts, without costs, and claim dismissed. Herlihy, P. J., Staley, Jr., Sweeney, Simons and Kane, JJ., concur.